ROBERTSON, Justice,
concurring and dissenting.
The issue which causes me to write this separate opinion is whether the record before us is sufficient to authorize us to address the legality of the search issue. If the record is sufficient, I wholeheartedly agree with Judge Junell’s well-written opinion.
However, I believe the state’s challenge to our consideration of the issue is good for the reason that appellant has not presented us with a complete record. As stated by the majority opinion, the record does not contain a copy of the statement of facts covering the trial before the court. If the written stipulation of evidence contained sufficient recitals for us to know exactly what the court had before it, I would agree there would not be a need for there to be a “statement of facts” prepared by the court reporter. However, such, in my opinion, is not the case. Appellant personally signed the written “Stipulation of Evidence” which recited:
I consent to the oral stipulation of evidence and to the introduction of affidavits, written statements of witnesses and other documentary evidence, including copies of transcripts of prior testimony. I waive my right against self incrimination and stipulate the following facts ...
Such “Stipulation of Evidence” bears markings which would indicate it may have been *518 introduced in evidence, but, from the record, we do not know that. There appears in the court transcript a photocopy of the court reporter’s transcription of the evidence heard on the motion to suppress which transcript bears markings which would indicate it may have been introduced in evidence. However, the transcript is not attached to the stipulation of evidence, nor do we otherwise know it was introduced as evidence. From the court’s docket sheet, we know there was a habeas corpus proceeding in which bond was lowered and that there was an examining trial held. We do not know from this record whether there was a “transcript” of evidence from these hearings which was before the court. In short, I am of the opinion appellant has not presented us with a record sufficient for us to address his contention. I believe that by addressing appellant’s search issue without a proper record we are, in effect, authorizing an appeal from the denial of his motion to suppress. This, of course, is not authorized.